UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| KIMBERLY WALTON, | No. C 14-00377 LB |
| Plaintiff, | **ORDER DISMISSING ACTION** |
| v. | |
| CAROLYN COLVIN, | |
| Defendant. | |

On January 24, 2014, Kimberly Walton, who at the time was represented by attorney Harvey Sackett, filed a complaint against the Commissioner of the Social Security Administration ("SSA"), Carolyn Colvin, that asked the court to review the SSA's decision denying her claim for disability benefits. (Complaint, ECF No. 1.[1]) Ms. Colvin answered her complaint on May 8, 2014. (Answer, ECF No. 13.) Ms. Walton's motion for summary judgment then was due by June 5, 2014. *(See* Social Security Procedural Order, ECF No. 5 (providing that, in such cases, a plaintiff's summary judgment motion is due within 28 days of the filing and service of a defendant's answer)).

On June 5, 2014, Ms. Walton and Ms. Colvin requested the court extend the time for Ms. Walton to file a summary judgment motion to August 4, 2014 and for Ms. Colvin to file any opposition, including cross-motions to September 8, 2014. (Stipulation With Proposed Order, ECF No. 15.) This court granted the time extension on June 6, 2014. (Stipulation and Order, ECF No. 16.) On

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

C 13-03082 LB
ORDER

August 4, 2014, Ms. Walton and Ms. Colvin requested the court grant a second extension of time to allow Ms. Walton to file a summary judgment motion by September 23, 2014 and allow Ms. Colvin to file any opposition, including cross-motions by October 21, 2014. (Stipulation With Proposed Order, ECF No. 17.) This court granted the second time extension on August 4, 2014. (Stipulation and Order, ECF No. 18.)

Mr. Sackett withdrew from this case on August 20, 2014 and now Ms. Walton is representing herself as a pro se plaintiff. (Notice of Substitution of Counsel, ECF No. 19; Order of Substitution of Counsel, ECF No. 20.)

As of October 7, 2014, Ms. Walton had not filed any motion for summary judgment, even though her deadline for doing so had been extended to September 23, 2014. Thus, on October 7, 2014 the court ordered her to show cause, in writing and by October 22, 2014, why her action should not be dismissed for failure to prosecute. (Order to Show Cause, ECF No. 21.) She never did.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal. Ms. Walton has not filed her summary judgment motion, even though she has had multiple extension of time to allow her to do so. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no

risk of prejudice to Ms. Colvin.  Finally, the court provided Ms. Walton with clear deadlines and warned her that her failure to file her motion could result in his action being dismissed.  Ms. Walton failed to take advantage of this opportunity.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Walton's action for failure to prosecute.  The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: December 1, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 13-03082 LB
ORDER

3